UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

               Plaintiff,

                                      13 CR 00655 (SJ) (SMG)

       -against-                         **ORDER ADOPTING**
                                               **REPORT AND**
                                               **RECOMMENDATION**

JAVIER SANCHEZ

               Defendant.
--------------------------------------------------------X

JOHNSON, Senior District Judge:

       On January 15, 2015, defendant Javier Sanchez pled guilty to a ten-count indictment charging him with making and subscribing four false corporate tax returns for his company, Imperial Glassworks, Inc. ("Imperial Glassworks"), and six individual tax returns ("tax returns"), all in violation of 26 U.S.C. §7206(1). (Indictment, Dkt. No. 1). Following the defendant's guilty plea, the parties disputed the tax loss caused by the defendant's offenses, which is relevant for sentencing. On August 26 and September 11, 2015, Magistrate Judge Steven Gold conducted a hearing, pursuant to United States v. Fatico, 603 F.2d 1053, (2d Cir. 1979) ("Fatico hearing"), to determine the tax loss attributable to the defendant. (Dkt. Nos. 44, 48, 55, 59). Judge Gold issued a Report and Recommendation ("Report") on January 4, 2016. (Dkt. No. 61.) Familiarity therewith is assumed.

1

Within 14 days of service of the recommendation, any party may file written objections to the magistrate's Report. See 28 U.S.C. § 636(b)(1). Upon de novo review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. Id. The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

In this case, the defendant submitted objections ("Objections") to Judge Gold's Report on January 21, 2016, generally repeating the arguments he made in his post-hearing memoranda and at hearing. (Dkt. Nos. 52, 57, 62). The defendant objects to Judge Gold's recommendation to (1) apply the government's methodology for calculating tax loss, including individual city and state taxes, and Imperial Glassworks' city taxes; (2) disallow the defendant from deducting payments related to an "off the books" payroll the defendant established to hire undocumented workers; and (3) disallow the defendant from deducting fees he paid to the check-casher. (Objections ¶¶ 1-14.) Upon de novo review, Judge Gold's findings should be adopted because the defendant's objections are conclusory and unsupported by the evidence.

Loss Amount

Tax loss is meant to reflect the revenue loss to the government resulting from the defendant's conduct. See United States v. Gordon, 291 F.3d 181, 187 (2d Cir. 2002). The defendant objects to the tax rate the government applied to the loss amount calculation. (Objections ¶¶ 1, 2.) For each year at issue, the defendant filed

his tax returns as Married Filing Separately but now contends that in calculating the loss amount, he is entitled to "the most favorable" tax rate, the Married Filing Jointly tax rate. (Government Exhibit ("GX") 1, 4; Objections ¶¶ 1-2.) The defendant provides no basis for why a Married Filing Jointly tax rate should now apply. Married Filing Separately provides a more accurate calculation of loss to the government because that is the rate the defendant used when he filed his false tax returns. (GX 1, 4.)

Likewise, the defendant failed to rebut Judge Gold's application of the United States Sentencing Guidelines ("U.S.S.G.") and Second Circuit decisions to the inclusion of city and state taxes in the computation of tax loss. United States v. White, 571 F. App'x 20, 25 (2d Cir. 2014); United States v. Elia, 374 F. App'x 184, 186 (2d Cir. 2010); United States v. Fitzgerald, 232 F. 3d 315, 321 (2d Cir. 2000); U.S.S.G § 2T1.1, comment. (n.2). The defendant argues that these authorities are inapplicable because they address tax evasion, or "conspiracy to defraud the United States Government through tax fraud or mail fraud." (Objections ¶¶ 3-4.) However, the law treats tax evasion and filing a false tax return in the same way, and, as the Government pointed out, the defendant filed false tax returns in order to evade paying taxes. The defendant's position that it is "ludicrous" to require Imperial Glassworks to pay corporate New York City income taxes on checks that were never deposited in the corporate bank account is contradicted by a stipulation of facts the defendant signed, to wit: the checks the defendant cashed were "gross receipts" for Imperial Glassworks, not personal income and, therefore, should have been taxed by New York

3

City. See Administrative Code of the City of New York ("Admin. Code") §§ 11-602(8)(ii), 11-603(1); NYC Fin. Memo. No. 99-3 (October 21, 1999). (Objections ¶5; GX 6.) Finally, the defendant's assertion that he owes taxes only for 2004 because he moved out of New York City in 2005 is again contradicted by the record. (GX 1, 4.) The defendant's New York State tax returns show that he claimed to be a New York City resident from 2004-2007 and he owes New York City taxes for those years. (GX 4A-D.)

Legitimate Deductions

The burden of proving deductions rests with the taxpayer; and deductions cannot be claimed for illegal activity. See 26 U.S.C. § 162(a); 26 U.S.C. §§ 7202, 7203; 26 U.S.C. § 3402(a); United States v. Gordon, 291 F.3d 181, 187 (2d Cir. 2002); United States v. Meneilly, 78 F. Supp. 2d 95, 105 (E.D.N.Y. 1999); Atlantic Coast Masonry, Inc. v. C.I.R., 104 T.C.M. (CCH) 895 at 8 (T.C. 2012); Guidelines § 2T1.1, comment. (n.3) (November 2013); U.S.S.G., Guidelines Manual Supplement to Appendix C, Amendment 774, at 41 (Nov. 2013).

The defendant presents no evidence or law to support his contention that his expenses were legitimate; in fact, he admitted at the Fatico hearing that he knew it was illegal to pay his non-citizen workers off the books. See 8 U.S.C. § 1324a(a)(1); 26 U.S.C. § 6041A(a). (Aug. 26, 2015 Transcript ("Tr.") 109, 110, 160; Report at 12.) The defendant also failed to offer "evidence to support his conclusory assertion that his bank would not allow him to cash… checks in sufficient time to pay his employees." (Report at 16; Sept. 11, 2015 Tr. 393, 395.) "The check-cashing fees

4

defendant paid to generate cash without depositing checks into a bank account are, therefore, [not legitimate]," (Report at 16), and cannot be deducted from his income. See id. at 14 ("not[ing] that the Guidelines afford the defendant the benefit of *legitimate* deductions")(citation omitted).

Conclusion

The defendant cites cases that are inapposite and makes objections that are conclusory and contradicted by the record. Upon de novo review of the recommendations, this Court adopts and affirms Magistrate Judge Gold's Report in its entirety.


SO ORDERED.

Dated: February 11, 2016 _____/s/_____
      Brooklyn, NY                         Sterling Johnson, Jr., U.S.D.J.